IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAAVO INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MICROSOFT CORPORATION | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Kaavo Inc. ("Kaavo"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Kaavo is a Delaware corporation with a place of business at 9600 Great Hills Trail, Suite 150W, Austin, Texas 78759.

2. Defendant Microsoft Corporation is a Washington corporation with, upon information and belief, a place of business located at One Microsoft Way, Redmond, Washington 98052.

3. Upon information and belief, Defendant has registered with the Delaware Secretary of State to conduct business in Delaware.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the

infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

7.  Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## BACKGROUND

8.  On September 18, 2012, United States Patent No. 8,271,974 (the "'974 patent"), entitled "Cloud Computing Lifecycle Management for N-tier Applications" was duly and lawfully issued by the U.S. Patent and Trademark Office.  A true and correct copy of the '974 patent is attached hereto as Exhibit A.

9.  Kaavo is the assignee and owner of the right, title and interest in and to the '974 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

10. Kaavo is a cloud computing company that has invested substantial resources into the development and sale of software for automating the deployment and management of applications, workloads, and IT environments across public, private, and hybrid clouds.

11. Kaavo was founded in 2007 by enterprise IT veterans with experience in delivering and managing mission critical IT applications and business services.  In recognition of its groundbreaking technological developments in the field of cloud computing, Kaavo has received accolades from leading industry sources such as Gartner, TechTarget, and InformationWeek.

12. Kaavo has invested a significant amount of financial and intellectual capital into the development of pioneering technologies such as the cloud computing lifecycle management for n-tier applications systems and methods that are disclosed in

the '974 patent.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,271,974

13. Kaavo repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continue to infringe the '974 patent by making, using, importing, offering for sale, and/or selling methods and systems for management of a cloud computing environment for use by a software application, including, but not limited to Windows Azure, which are covered by one or more claims of the '974 patent.

15. Kaavo is entitled to recover from Defendant the damages sustained by Kaavo as result of Defendant's infringement of the '974 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Defendant's use of Kaavo's patented technology to build and profit from their own cloud computing businesses has caused, is causing and will continue to cause Kaavo irreparable harm unless enjoined by this Court.

### JURY DEMAND

Kaavo hereby demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Kaavo requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '974 patent;

B. A preliminary and permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches,

subsidiaries, parents, and all others acting in active concert or participation with it, from making, using, offering to sell, or selling in the United States or importing into the United States any devices that infringe any claim of the '974 patent, or contributing to or inducing the same by others;

C. An award of damages to be paid by Defendant adequate to compensate Kaavo for Defendant's past infringement of the '974 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Kaavo's reasonable attorneys' fees; and

E. An award to Kaavo of such further relief at law or in equity as the Court deems just and proper.

Dated: March 19, 2014

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
  stamoulis@swdelaw.com
Richard C. Weinblatt #5080
  weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Kaavo Inc.*